### Charles Shute & another *vs.* Henry Barnes.

Viewing premises and staking out a road over the same by selectmen of a town do not constitute an incumbrance thereon, until a location is filed and accepted.

If, after the selectmen of a town have viewed land and staked out a road over it, the owner conveys a portion thereof, and the selectmen, one of whom is a grantee in the deed, afterwards file a location of the road, which is accepted, and no damages are awarded to the grantees, but damages are awarded to the original owner, who receives the same, no action against him, for money had and received, can be sustained by the grantees in the deed, to recover a share of the money so received by him.

Contract. The first and second counts were for breach of covenants of warranty in a deed; and the third was for money had and received.

It was agreed, in the superior court, that on the 14th day of

August 1858 the selectmen of Hingham, after due proceedings previously had, viewed certain premises of the defendant, and staked out a road over the same, the defendant being present. On the 26th of the same August, the defendant conveyed to the plaintiffs a portion of the premises, by deed of warranty. Five days afterwards, the selectmen filed the location of the road in the town clerk's office, and on the 8th of September following the same was accepted by the town, and the road ordered to be built. Seth Sprague, one of the plaintiffs, was one of the selectmen. No damages were awarded to the plaintiffs, but damages were awarded to the defendant, who received the same. Upon these facts, *Wilkinson,* J. ordered judgment for the plaintiffs, and the defendant appealed.

*C. G. Davis,* for the defendant.

*P. Simmons,* for the plaintiffs, cited *Brown* v. *County Commissioners,* 12 Met. 208.

CHAPMAN, J. This action cannot be maintained for a breach of the covenant against incumbrances, because the way alleged to be an incumbrance did not exist on the 26th of August 1858, when the deed was made. The selectmen had made a view, and staked out the road, but it does not appear that they took any further step till August 31st. They filed a location on that day; but the way did not actually exist till the location was accepted by the town, at a still later date.

Nor can the action be maintained for money had and received. The conveyance was made at so early a stage of the proceedings that the grantees were the only proper claimants for the damage occasioned to the land conveyed. One of the grantees being also one of the selectmen, there was notice of the transfer, to the selectmen, and notice of the proceedings of the selectmen to the plaintiffs; and if the plaintiffs desired to obtain damages, they ought then to have made their claim; and if no damages were allowed to them, they would have been entitled to a jury. But the defendant still had a claim, because the road was laid upon his other land; and a sum was allowed to him in gross. If he had been dissatisfied with the sum, and had called out a jury, he could not have recovered before them for

any damage done to the plaintiffs' land. In this condition of things, it cannot be said that he has received any money for damages in trust for the plaintiffs, or to their use.

*Judgment for the defendant.*